UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

OLIVIA WISE,

          Debtor.
_____/

Case No. 17-45621

Chapter 7

Judge Thomas J. Tucker

HOMER W. McCLARTY, TRUSTEE,

          Plaintiff,

vs.

JOANNE WISE,

          Defendant.
_____/

Adv. Pro. No. 18-4131

**OPINION REGARDING PLAINTIFF'S MOTION
TO DISQUALIFY DEFENDANT'S COUNSEL**

This adversary proceeding is before the Court on the motion filed by the Plaintiff Chapter 7 Trustee, entitled "Plaintiff's Motion for Order Disqualifying Silverman & Morris, P.L.L.C. as Counsel for Defendant" (Docket # 17, the "Motion"). Defendant filed a response, objecting to the Motion (Docket # 18). The Court is scheduled to conduct a hearing on the Motion tomorrow, August 29, 2018 at 10:00 a.m.

Having reviewed the papers filed by the parties and having carefully considered the arguments of the parties, however, the Court now concludes that a hearing on the Motion is not necessary, and that the Motion should be granted, for the following reasons.

The Court finds and concludes that disqualification of Defendant's attorney, Thomas R. Morris, and his law firm is required, based on Rules 1.7(a) and 1.10(a) of the Michigan Rules of

Professional Conduct.[1] The representation by Defendant's current attorney, Thomas R. Morris, and his firm is and will be directly adverse to another client, namely Olivia Wise, the Debtor in the main bankruptcy case. And such conflict is not waivable by consent. Any belief that Defendant's attorney may have that his representation of the Defendant in this adversary proceeding does not and will not adversely affect the relationship with his other client, the Debtor Olivia Wise, is not a reasonable belief. Disqualification therefore cannot be avoided under the consent provision of Mich. R. Prof'l. Conduct 1.7(a). In addition, the Chapter 7 Trustee controls the Debtor's consent in this context, and has not consented to the dual representation.

The Court makes the foregoing findings and conclusions for the same reasons that were stated by the courts in ordering disqualification of counsel in the following two cases, cited by the Plaintiff: *Kohut v. Lenaway (In re Lennys Copy Center and More LLC)*, 515 B.R. 562 (Bankr. E.D. Mich. 2014) and *Houghton v. Morey* (*In re Morey*), 416 B.R. 364 (Bankr. D. Mass. 2009). The Court finds Defendant's efforts to distinguish these cases to be unpersuasive; there is no meaningful distinction between those cases and this case.

Accordingly, the Plaintiff Trustee's Motion will be granted. The Court will enter a separate order.

**Signed on August 28, 2018**



/s/ **Thomas J. Tucker**

**Thomas J. Tucker**
**United States Bankruptcy Judge**

---

[1] The Michigan Rules of Professional Conduct apply in this Court, under L.R. 83.22(b) (E.D. Mich.) and L.B.R. 9029-1(a) (E.D. Mich.).